UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **In Re:** | * | |
| **Saiphinh C. Phounsavath and Mellisa A.** | * | Case No. |
| **Phounsavath** | | |
| Debtors | * | |
| | * | |
| | * | |
| **Saiphinh and Mellissa Phounsavath** | * | |
| 336 Wall Street | * | |
| Tiffin, OH  44883 | * | |
| | * | |
| v., | * | |
| | * | |
| | * | **COMPLAINT** |
| **Convergent Outsourcing, Inc.** | * | |
| 1355 Willow Way, Suite 250 | * | |
| Concord, CA  94520 | * | |
| | * | |
| | * | |
| | * | |
| And | * | |
| Shelly James | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Ohio Consumer Sales and Practices Act (O.R.C.

§1345.01 et seq. (OCSPA), and the invasion of Plaintiff' personal privacy by these Defendants in their efforts to collect a consumer debt.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiffs, Saiphinh & Mellissa Phounsavath, are natural person who resides in Tiffin, Ohio and were the debtors discharged in bankruptcy in Case No. 14-32129. They are also a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    The Defendant, Convergent Outsourcing, Inc., (hereinafter "Convergent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant Shelly James (hereinafter "Defendant James") is a natural person who was employed at all times relevant herein by Defendant Convergent as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is unknown.

## FACTUAL ALLEGATIONS

7.    Plaintiff filed for Chapter 7 of the United States Bankruptcy Code and an order for relief was entered on June 9, 2014, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a). See Exhibit A.

8.    The United States Bankruptcy Clerk's office sent notice to all Creditors of Plaintiff' bankruptcy petition, including Defendant on June 11, 2014. See Exhibit A.

9.    Plaintiff listed on Schedule F a debt with Verizon and Convergent (hereinafter referred to as "the debt"). See Exhibit B and C.

10.   Plaintiffs' intent when they filed their petition was to discharge their debt with Convergent and to terminate their Verizon contract. See Exhibit B, C and D.

11.   The last date to object to Plaintiffs' discharge under 11 U.S.C. §727 was October 3rd, 2014. See Exhibit A.

12.   No objections were filed and the Plaintiffs received a discharge on October 8, 2014. See Exhibit E.

13.   The Notice of Discharge contains a warning to all creditors that "the discharge prohibits any attempt to collect from the debtor a debt that has been discharged….A creditor who violates this order can be required to pay damages and attorney's fees to the debtor."

14.   Notice of the discharge was sent to Convergent and Verizon. See Exhibit E.

15.   On or about November of 2014 and December of 2014 Verizon sent statements to the Plaintiffs indicating an unpaid balance of $1,477.65. See Exhibit F and G.

16.   On December 15, 2014 and February, 9, 2015, Convergent sent statements indicating that Plaintiffs' owed $1,477.65 and $1,610.63. See Exhibit H and I.

## Count I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

17.   Plaintiffs repeat and reallege and incorporate by reference the preceding paragraphs.

18.   Defendants are a "debt collector" as defined by 15 U.S.C. §1692a(6).

19.     The alleged debt that defendant seeks to collect in this case is a consumer, personal, family or household debt.

20.     Defendants have contacted plaintiff after being notified by plaintiffs that they are represented by counsel in willful violation of §1692c(a)(2).

21.     Defendants have falsely represented the character, amount, or legal status of any debt in willful violation of §1692e(2).

22.     Defendants used false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of §1692e(10).

23.     The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiffs.

24.     Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of both Plaintiff and caused them unnecessary personal strain in their relationship with each other, as well as with other family members.

25.     Plaintiffs have suffered actual damages as a result of these illegal collection activities by these Defendants in the form of increased interest rates on the purchase of a vehicle and their home, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

26.    All of Defendants activities occurred after the Plaintiffs' bankruptcy was discharged and therefore, these specific counts cannot be brought in proceeding before the bankruptcy court. See In Stewart v. Henry (In re Stewart), 62 Fed. Appx. 610 (6th Cir. 2003),

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

27.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

28.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

29.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

30.     Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

31.     Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

32.     Defendants and their agents intentionally and/or negligently caused emotional harm to each of these Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of these Plaintiff's rights to privacy.

33.     Each Plaintiff had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

34.     The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against these Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**Count III**

## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES

## ACT O.R.C. §1345.01 et seq.

35.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

36.     Plaintiffs are "Consumers" as defined by O.R.C. § 1345.01 (D).

37.     Defendants are "Suppliers" as defined by O.R.C. § 1345.01 (C).

38.     "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

39.     The collection of debts associated with consumer transactions is within the purview of the OCSPA since it covers acts which occur before, during, or after the transaction. See R.C. 1345.02(A); 1345.03(A); Celebrezze v. United Research, Inc. (1984), 19 Ohio App.3d 49, 19 OBR 131, 482 N.E.2d 1260.

40.     Plaintiffs have suffered actual damages as a result of these illegal collection activities by these Defendants in the form of increased interest rates on the purchase of a vehicle and their home, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Summary*

All of the above-described collection communications made to Plaintiffs by Defendant Convergent and other collection employees employed by Defendant Convergent, were made in violation of

numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray that judgment be entered against each and every Defendant:

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

- for such other relief that is just and proper.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff; and

- for such other and further relief as may be just and proper.

## Count III

## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
## O.R.C. §1345.01 et seq.

- for an award of actual damages pursuant to O.R.C. §1345.09(A) against each and every Defendant and for each Plaintiff;

- for an award of noneconomic damages of up to $5,000.00 pursuant to O.R.C. §1345.09(A) against each and every Defendant and for each Plaintiff;

- For an award of treble damages against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to O.R.C. §1345.09(F) against each and every Defendant and for each Plaintiff;

- for such other relief that is just and proper

Respectfully submitted,

Dated: March 6, 2015

The Law Offices of Kevin A. Mack, LLC

By: s/Kevin A. Mack
Kevin A. Mack.
Attorney I.D.#0028877
244 S. Washington Street
P.O. Box 567
Tiffin, OH  44883
Telephone: (419) 455-9508
Facsimile: (419) 455-9509
kevin@kmacklaw.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was served by first class mail or electronic transmission on March 6, 2015, to the following:

CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114

Convergent Outsourcing, Inc.
EDI: CONVERGENT.COM

P.O. Box 9004

Renton, WA 98057-9004

_/s/Kevin A Mack_
Kevin A Mack